UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALLEN HOUX,

        Petitioner,

   v.                             CAUSE NO. 3:22-CV-718-DRL-MGG

WARDEN,

        Respondent.

## OPINION AND ORDER

Allen Houx, a prisoner without a lawyer, filed an amended habeas corpus petition to challenge his conviction for child molestation under Case No. 49G05-1806-F1-20561. Following a jury trial, on May 14, 2019, the Marion Superior Court sentenced him to 35 years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before granting habeas relief, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* Based on the petition, Mr. Houx has not presented his claims to the Indiana courts; and, though he initiated state post-conviction proceedings, these proceedings were dismissed without prejudice. Consequently, Mr. Houx still has an opportunity to present his claims in state post-conviction proceedings, so his claims are unexhausted. Because the claims are unexhausted, it appears that the petition should be dismissed without prejudice.

Before dismissing a habeas corpus petition for failure to exhaust, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition, the one-year limitations period for federal habeas review began to accrue when the time for petitioning the United States Supreme Court for a writ of certiorari expired on July 22, 2020. *See* 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition the Supreme Court on direct appeal, his conviction becomes final when the time for filing a petition expires). Seventy-seven days later, Mr. Houx initiated state post-conviction proceedings, thereby tolling the limitations period pursuant to Section 2244(d)(2). These proceedings were dismissed without prejudice on February 11, 2022. Consequently, if the court dismisses this case, Mr. Houx will have more than two months before the expiration of the federal limitations period.

Based on the foregoing, dismissing this case will not effectively end Mr. Houx's chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claim in state court. A stay is not appropriate for this case. Thus this

case is dismissed, but Mr. Houx may file another habeas petition in federal court after exhausting his available state court remedies.

Mr. Houx has also filed a motion for appointment of counsel, and the court has considered whether Mr. Houx would benefit from assistance of counsel in this case. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). Here, even with the assistance of counsel, Mr. Houx would not be able to proceed on unexhausted claims. Therefore, the motion for counsel is denied.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Mr. Houx to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DENIES the motion for counsel (ECF 6);

(2) DISMISSES the amended habeas petition (ECF 4) without prejudice because the claims are unexhausted;

(3) DENIES Allen Houx a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to close this case.

SO ORDERED.

September 12, 2022

*s/ Damon R. Leichty*
Judge, United States District Court